IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK ALLEN MCCONAUGHY,

     **Plaintiff,**

     vs.

THE REPUBLIC OF THE
PHILIPPINES,

     **Defendant.**

Case No. 2:21-cv-3930

Judge Michael H. Watson

Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who is proceeding without the assistance of counsel, moves this court for leave to proceed *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety.

I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1]Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff names as Defendant "The Republic of the Philippines." (ECF No. 1-1, at 1.) Plaintiff's Complaint restated here verbatim alleges, in its entirety, as follows:

> The people, and through their elected government, of the Republic of the Philippines has intentionally and with malice, abducted my daughter Kenzy Kay McConnaughy since October of 2010 with no resolution to this abduction as of this date! The facts of this case would encompass 15 years worth of information and

3

> require me spending weeks preparing a full and complete explanation along with many hours by a judge reading said explanation if not days. I humbly request that i am appointed a attorney and given the power to call witness and produce evidence so i may present a true and complete set of facts before this Honorable Court Of this case, i can state with complete confidence that it involves the abduction of a child that is a citizen of the United States of America, attempted murder of my person, the kidnapping of my person at gunpoint, twice being threatened by a deadly weapon, assault of my person, illegal detention by police, assault by police, threatening by police, attorney's violating laws, a judge or two violating the law, multiple human rights violations, theft, many acts of discrimination based on race and nationality, others being physically harmed for assisting me. There is much more! I humbly request that this motion moves forward for the sake of a 13 year old little girl named Kenzy Kay McConnaughy whom is currently abducted and American.

(*Id*. at 3.) Plaintiff states that he brings this action pursuant to 28 U.S.C. § 1605(5) and seeks $50,000,000.00 for the "state sponsored abduction of my daughter since October 7, 2010!" (*Id.* at 2, 4.)

The Complaint filed in this case is frivolous and subject to summary dismissal. Plaintiff has not provided any facts that would support a finding that his claim against the sovereign nation of the Republic of the Philippine Islands falls within one of the limited exceptions under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1605, to the general rule of sovereign immunity. Foreign states are generally immune from the jurisdiction of federal and state courts. *Strable v. Republic of Philippine Islands*, No. CIV A 605-2927-RBH, 2007 WL 858829, at *3 (D.S.C. Mar. 16, 2007). That is, because the Philippines is a foreign sovereign, this court has subject matter jurisdiction over the dispute only if the Philippines is "not entitled to immunity [under any of the the FSIA exceptions]." *See* 28 U.S.C. § 1330(a). Plaintiff appears to rely on the exception set forth in 28 U.S.C. § 1605(a)(5), which provides:

4

>A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—
>
>…
>
>**(5)** not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—
>
>>(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or
>>
>>(B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights;

28 U.S.C.A. § 1605 (West).

Pursuant to this exception, a plaintiff can establish subject matter jurisdiction over a foreign sovereign under the tortious act exception if there has been a tortious act (1) "occurring in the United States"; (2) "caused by [a] tortious act or omission"; (3) where the alleged acts or omissions were those of a "foreign state or of any official or employee of that foreign state"; and (4) those acts or omissions were done within the scope of tortfeasor's employment. *See* 28 U.S.C. § 1605(a)(5). *O'Bryan v. Holy See*, 556 F.3d 361, 380–81 (6th Cir. 2009)

Initially, Plaintiff does not allege that any activity at issue in his Complaint occurred in the United States such that the tortious act exception could in any way be found applicable here. Accordingly, the Republic of the Philippines is entitled to immunity from any claims made in this case and the Court lacks subject matter jurisdiction over the Complaint. *Strable,* 2007 WL 858829, at *4. (citing *Persinger v. Islamic Republic of Iran,* 729 F.2d 835, 839–40 (D.C.Cir.1984); *Asociacion de Reclamantes v. United Mexican States,* 735 F.2d 1517, 1524–25 (D.C.Cir.1984); *English v. Thorne,* 676 F.Supp. 761, 763–74 (S.D.Miss.1987)).

5

Beyond this, even if read more broadly, Plaintiff's Complaint does not contain any additional factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (*quoting Twombly*, 550 U.S. at 570). Plaintiff's Complaint consists of nothing more than a series of conclusory and non-specific factual allegations and legal conclusions relating to actions taken by a series of unidentified individuals. There is no question that "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (2007). Plaintiff's claim simply falls short in this regard.

For all of these reasons, it is **RECOMMENDED** that the Court dismiss all claims against The Republic of the Philippines.

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir.1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

DATED:  August 2, 2021

/s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE