UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mark Allen McConnaughy,

    Plaintiff,

v.

The Republic of the Philippines,

    Defendant.

Case No. 2:21-cv-3930

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

**1.    Objection to Report and Recommendation**

Magistrate Judge Deavers performed an initial screen of this *pro se* case, brought *in forma pauperis*, under 28 U.S.C. § 1915(e), and on August 2, 2021, she issued a Report and Recommendation ("R&R") recommending the Court dismiss Plaintiff's Complaint. R&R, ECF No. 3. The R&R notified Plaintiff of his right to object to the recommendations therein and that failure to timely object would amount to a waiver of both the right to *de novo* review by the Undersigned as well as a right to appeal the Court's adoption of the R&R. *Id.* at 6–7.

Plaintiff timely objected, but he did not object to the substance of the R&R. Obj., ECF No. 5. Instead, Plaintiff contended that he filed a "statement," not a Complaint and, therefore, the R&R could not dismiss the "non-existent" Complaint. *Id.* This type of general objection to the entirety of the R&R "has the same effect[] as would a failure to object," *Howard v. Sec'y of HHS*, 932 F.2d

505, 509 (6th Cir. 1991), and, therefore, the Court is not obligated to conduct a *de novo* review of the R&R. Nevertheless, the Court has reviewed the docket and sees no basis to overrule the R&R. On July 12, 2021, Plaintiff filed his motion to proceed *in forma pauperis*, and accompanied that motion with a document titled "Complaint." *See* EFC No. 1. It is that Complaint which Magistrate Judge Deavers considered in her R&R. The fact that Plaintiff would now re-name his Complaint a "statement" is not a basis for overruling the R&R. Accordingly, the Court adopts the R&R.

## 2. Motion to Rescind Order

On August 3, 2021, the Court issued an Order deeming Plaintiff a vexatious litigator. ECF No. 4. Plaintiff has filed a "Motion to Rescind Order." ECF No. 6. Therein, Plaintiff asserts the following: (1) the Court failed to "provide evidence" that he does not have a legitimate need of judicial resources, (2) the Court improperly determined that his claims are frivolous without a full hearing of the same, (3) the requirement that he accompany new actions with a certificate from a licensed attorney deprives him access to the courts, and (4) the requirement that he list related cases on any new actions places his "life in danger." *Id.*

Plaintiff does not cite to any Federal Rule of Civil Procedure as authority in the motion. However, a Court may reconsider an interlocutory order at any time

prior to entry of final judgment. Fed. R. Civ. P. 54(b)[1]; *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F. App'x 949, 959 (6th Cir. 2004). "Courts traditionally will find justification for reconsidering interlocutory orders when there is (1) an intervening change in controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.,* 590 F.3d 381, 389 (6th Cir. 2009). "Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Ne. Ohio Coal. for Homeless v. Brunner,* 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009). "Generally, a manifest injustice or a clear error of law requires unique circumstances, such as injunctive relief scenarios or superseding factual scenarios." *McWhorter v. ELSEA, Inc.,* No. 2:00-cv-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (Kemp, M.J.). "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Pueschel v. Nat'l Air Traffic Controllers' Ass'n,* 606 F. Supp. 2d 82, 85 (D.D.C. 2009).

Plaintiff does not describe unique circumstances demonstrating a manifest injustice or a clear error of law; although orders deeming a party a vexatious

---

[1] At the time of Plaintiff's motion, there had been no final order or judgment in this case. So, the relief Plaintiff seeks is only available under Rule 54(b). *Colter v. Bowling Green-Warren Cty. Reg'l Airport Bd.,* No. 1:17-CV-00118-JHM, 2018 WL 775366, at *1 n.1 (W.D. Ky. Feb. 7, 2018); *see also Davey v. St. John Health,* 297 F. App'x 466, 469 (6th Cir. 2008) (holding when a plaintiff's case has remaining claims, an order of dismissal as to less than all defendants is not a final order).

litigator are not commonplace, they are hardly unique enough to demonstrate manifest injustice. Especially where, as here, a party filed over ten lawsuits in approximately four months. See Order 1, ECF No. 4; see also Smiley v. View, No. 1:14-CV-210, 2014 WL 1046011, at *2 (S.D. Ohio Mar. 14, 2014) (finding a plaintiff a vexatious litigator where he "inundated" the court with frivolous complaints). Further, he does not cite to any intervening change in the law. Additionally, the information Plaintiff submitted with his motion is not new evidence requiring reconsideration. In short, it is clear that Plaintiff's intent is simply to re-litigate the issues previously considered by the Court in determining that he is a vexatious litigator.

## CONCLUSION

Upon *de novo* review, the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's case. Further, Plaintiff's Motion to Rescind Order, ECF No. 6, is **DENIED**. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**